UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 8:10-CR-498-T-17TBM

CEDRIC RECHE ALLEN.

_____/

ORDER

This cause is before the Court on:

Dkt. 94   Motion for Clarification of Sentence Imposed
Dkt. 95   Motion to Amend/Correct the PSR
Dkt. 107  Motion to Amend/Correct Judgment (76)

Defendant Cedric Reche Allen, pro se, requests entry of an order clarifying Defendant Allen's sentence. Defendant Allen has attached the BOP's calculation of jail credit for time served, Attachment A, to his Motion for Clarification. Defendant Allen also requests that the PSR be amended pursuant to Fed. R. Crim P. 36..

I. Background

After entering into a Plea Agreement (Dkt. 59), Defendant Allen entered a plea of guilty to Count I of the Superseding Information (Dkt. 61). Defendant Allen waived indictment (Dkt. 62).

Defendant Allen was sentenced on July 2, 2012 to 151 months imprisonment, 72 months supervised release, fine waived, and a special assessment fee of $100.00 (Dkts. 71).

Case No. 8:10-CR-498-T-17TBM

At sentencing, the Court determined the Advisory Guidelines Range:

| | |
|---|---|
| Total Offense Level | 31 |
| Criminal History Category | VI |
| Imprisonment Range | 188 to 235 months |
| Supervised Release | 6 years |
| Restitution | Not Applicable |
| Fine Range | $15,000 to $2,000,000 |
| Special Assessment Fee | $100 |

The Addendum to the PSR reflects no unresolved objections by the Government or by Defendant Allen.

At the time of sentencing, the Court granted Defendant Allen's oral motion for a two-level variance (Dkts. 74, 75). The Statement of Reasons provides:

> The Court varied downward two levels to a level 29, and imposed a sentence of 151 months imprisonment. The defense request for a variance was based on the fact that the defendant's total offense level would have been a 12 if not for the career offender enhancement. This enhancement increased the defendant's guideline range from 30 to 37 months to 188 to 235 months imprisonment. The Court finds that the 151 month sentence imposed is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing.

The PSR reflects the application of Chapter Four Enhancements:

> The defendant is a career offender as defined in USSG Sec. 4B1.1. He was 29 years old when the committed the offense, the offense of conviction is a controlled substance offense, and the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. These convictions consist of the following:

2

Case No. 8:10-CR-498-T-17TBM

> 1) Armed Robbery(two counts), Hillsborough County Circuit Court, Case No. 96CF10695, a felony crime of violence, sentenced on March 1, 2002;
>
> 2) Fleeing and Attempting to Elude, Hillsborough County Circuit Court, Case No. 04CF16969, a felony crime of violence, sentenced on July 18, 2005.
>
> 3) Delivery of Cocaine, Hillsborough County Circuit Court, Case No. 06CF6518, a felony controlled substance offense, sentenced on October 30, 2006.
>
> Since the statutory maximum penalty is 30 years, the total offense level becomes 34.

(Dkt. 102, p. 10).

Pursuant to the Government's oral motion, at sentencing, the Court dismissed all counts of the underlying indictment (Dkts. 72, 73).

A transcript of Defendant Allen's change-of-plea hearing, and a transcript of Defendant's sentencing have been filed. (Dkts. 82, 84).

At the time this case commenced with the filing of the Indictment (Dkt. 1), Defendant Allen was in custody of the Florida Department of Corrections, Hardee Correctional Institution; Defendant Allen was serving a sentence for possession of cocaine, with an anticipated release date of December 6, 2011. (Dkt. 11). A Petition for Writ of Habeas Corpus Ad Prosequandum was filed (Dkt. 5). The U.S. Marshal took custody of Defendant Allen for Defendant's initial Appearance and Arraignment on May 3, 2011.

Case No. 8:10-CR-498-T-17TBM

On June 19, 2013, Defendant Allen filed a Sec. 2255 Petition (Dkt. 80). The Court denied Defendant Allen's Petition (Dkt. 86).

Defendant Allen also filed an Amendment 782 Motion (Dkts. 87, 96). The Court denied the Motions (Dkts. 105, 106).

II. Discussion

A. Dkt. 94 Motion for Clarification of Sentence Imposed

Defendant Allen argues that on June 7, 2010, Defendant Allen was arrested on his federal offense and was taken into state custody after the commission of his federal offense. While under federal custody, Defendant Allen was ordered to serve a state sentence of 18 months imprisonment. Defendant Allen further argues that the Court did not address the facts as to Defendant Allen's state sentence within the sentencing order and sentencing judgment, which caused the Bureau of Prisons to run the two sentences consecutively. Defendant Allen argues that his federal sentence and his state sentence should have been treated as concurrent sentences, so that Defendant Allen can receive the benefits of the 151 month term of imprisonment imposed by the Court.

Defendant Allen asserts that his pre-sentence custodial detention time served runs from June 7, 2010 through July 1, 2012, and not from October 28, 2011 through July 1, 2012.

4

Case No. 8:10-CR-498-T-17TBM

The Court notes that this case was commenced with the filing of an Indictment on December 1, 2010, and an arrest warrant was issued on December 1, 2010. After the order granting the Writ of Habeas Corpus Ad Prosequandum was granted (Dkt. 6) on March 28, 2011, Defendant Allen's Appearance and Arraignment were on May 3, 2011 (Dkt. 8). At that time, counsel was appointed, and an Order of Detention (Dkts. 9, 10, 11) was entered. The Government filed Information to Establish Prior Conviction (Dkt. 7) on May 3, 2011.

The Court notes that Defendant raised the issue of credit for time served in his Sec. 2255 Petition. The Court denied relief, and explained that "A claim for credit for time served is brought under 28 U.S.C. Sec. 2241 after the exhaustion of administrative remedies." (Dkt. 86, p. 5).

The Final Judgment in this case does not refer to Defendant's sentence for a Florida conviction. Other entries in the record contradict Defendant's assertion that Defendant was in federal custody when Defendant Allen was ordered to serve a Florida sentence (Dkt. 10-7-1). There is no indication that Defendant Allen has exhausted administrative remedies as to Defendant's claim for jail credit.

Defendant Allen's Plea Agreement provides that Defendant waives the right to appeal Defendant's sentence or to challenge it collaterally on any ground, except for the following grounds: 1) the ground that the sentence exceeds the Defendant's applicable sentencing range as determined by the Court pursuant to the United States Sentencing Guidelines; 2) the ground that the sentence exceeds the statutory maximum penalty, or 3) the ground that the

sentence violates the Eighth Amendment. (Dkt. 59, p. 14).

After consideration, the Court denies Defendant Allen's Motion for Clarification without prejudice; Defendant Allen must exhaust the administrative remedies available as to Defendant Allen before pursuing a petition under 28 U.S.C. Sec. 2241 as to Defendant's credit for time served. "Exhaustion of remedies" means following all procedures to seek review of an adverse determination, to the final level available to Defendant Allen.

B.  Dkt. 95  Motion to Amend/Correct the PSR On the Basis of a Clerical Error Pursuant to Fed. R. Crim. P. 36

Defendant Allen requests a correction of the PSR on the basis of a clerical error pursuant to Fed. R. Crim. P. 36, as it relates to a mistake of fact which caused an improper and illegal enhancement of Defendant Allen's sentence as a career offender. Defendant Allen argues that the conviction for "Fleeing and Attempting to Elude" is not a crime of violence, and Defendant's conviction for "Delivery of Cocaine" should not have been used as a controlled substance offense.

The Court notes that Defendant Allen challenged the enhancement of Defendant's sentence as to both prior convictions in Defendant's prior Motion (Dkt. 88), to which the Government filed its response, with attachments (Dkt. 90). The Court denied Defendant's Motion, and incorporated the Government's response (Dkt. 91).

After consideration, the Court again denies Defendant Allen's Motion, in accordance with the Court's prior ruling.

C.   Dkt. 107   Motion to Correct Judgment (76)

Defendant Allen requests a correction and classification of Defendant's sentencing record pursuant to Fed. R. Crim. P. 36. Defendant Allen requests the Court to correct Defendant's PSR to make it clear to BOP officials that the start date from which Defendant Allen's sentence began to run was June 7, 2010.

Defendant Allen asserts that he has presented his sentencing documentation to BOP USP Coleman #2 Staff, including Warden Locket, who require that Defendant Allen bring forth corrected documentation before the BOP can adjust their sentencing computation.

Defendant Allen asserts that Defendant understood that the accumulated state time served on the unrelated state charges would count as federal time..

The Court notes that Defendant Allen acknowledges that on June 7, 2010, state authorities arrested Defendant Allen on state charges, and Defendant Allen remained in state custody until service of the Writ on April 15, 2011. Thereafter, Defendant made his initial appearance on May 3, 2011 before Magistrate Judge McCoun, who ordered Defendant Allen detained (Dkt. 107-1, p. 2). Defendant Allen asserts that Defendant Allen's 18 month state sentence ended on October 27, 2011. (Dkt. 107-1, p. 4).

The temporary transfer of Defendant Allen's custody from the State of

Case No. 8:10-CR-498-T-17TBM

Florida to the federal government pursuant to the Writ of Habeas Corpus Ad Prosequandum did not result in the relinquishment of the State of Florida's primary custody, which continued until the expiration of Defendant Allen's state sentence.

The Court does not have the authority to order the United States Probation Office to correct the PSR so that Defendant Allen's federal sentencing start date begins on June 7, 2010, a date which is two years before Defendant Allen was sentenced in this case on July 2, 2012. The Court reminds Defendant Allen that in no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed. See Program Statement 5880.28, pp. 1-13-1-14; 18 U.S.C. Sec. 3585(b).

The Court does not calculate jail credit time at sentencing. As the Final Judgment provides, the Bureau of Prisons calculates credit for time served. (Dkt. 76, p. 2). Defendant Allen has not established that Defendant Allen has exhausted the administrative remedies available to Defendant.

The Court notes that at Defendant Allen's change-of-plea hearing, the assigned Magistrate Judge explained that Defendant's discussion with his counsel as to calculation of sentence under the Sentencing Guidelines is not binding on the judge, and the sentencing judge's calculation of sentence could be different from Defendant Allen's calculation. The Magistrate Judge explained that if the sentence is more harsh than Defendant Allen expected, that is not a basis to back out of the plea. (Dkt. 82, p. 19). Defendant Allen was advised of the 30 year maximum, (Dkt. 82, p. 20), and Defendant Allen was advised of the limits of Defendant's ability to appeal. (Dkt. 82, p. 23).

Case No. 8:10-CR-498-T-17TBM

The Court notes that Defendant Allen denied that he had been promised anything other than what is included within the Plea Agreement, denied any side deals, and denied that anyone assured Defendant Allen of a particular sentence. (Dkt. 82, pp. 24-15). Defendant Allen further denied that Defendant had any complaints about his counsel. (Dkt. 82, p. 25).

After consideration, the Court denies Defendant Allen's Motion to Amend/Correct Judgment without prejudice. Accordingly, it is

**ORDERED** that:

Pro Se Defendant Cedric Reche Allen's Motion for Clarification of Sentence Imposed (Dkt. 94) is **denied without prejudice**; the Motion to Amend/Correct PSR on the Basis of Fed. R. Crim P. 36 (Dkt. 95) is **denied**; the Motion to Correct Judgment (76) is **denied without prejudice**.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 27th day of September, 2018.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:

All parties and counsel of record

9

Case No. 8:10-CR-498-T-17TBM

Pro Se Defendant:

Cedric Reche Allen
54546-018
FCI COLEMAN MEDIUM
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1032
COLEMAN, FL   33521