UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                          CASE NO. 8:10-CR-498-T-17TGW

CEDRIC RECHE ALLEN.

_____/

ORDER

This cause is before the Court on:

Dkt. 111    Amended Motion to Correct the Judgment,
            Order, or Other Part of the Record on the
            Basis of a Clerical Error Pursuant to Fed. R.
            Crim P. 36

Defendant Cedric Reche Allen, pro se, moves to correct Defendant's Final Judgment on the basis of a clerical error or oversight pursuant to Fed. R. Crim. P. 36, as to the application of U.S.S.G. Sec. 5G1.3 (Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment) at sentencing on July 2, 2012. Defendant Allen has attached a denial of Defendant's Central Office Administrative Remedy Appeal dated December 17, 2017, signed by Ian Connors, Administrator, National Inmate Appeals, and a record of Defendant Allen's service in state custody.

I.    Exhaustion of Administrative Remedies

Defendant Allen has attached the response to Defendant's Central Office Administrative Remedy Appeal, in which Defendant Allen requested that his sentence computation be updated to reflect that Defendant Allen's federal sentence began on June 7, 2010.

Case No. 8:10-CR-498-T-17TGW

The National Inmate Appeals Office denied Defendant Allen's appeal, relying on BOP Program Statement 5880.28, <u>Sentence Computation Manual (CCCA of 1984)</u>, and 18 U.S.C. Sec. 3585(b).

Appeal to the General Counsel is the final administrative appeal. <u>See</u> 28 U.S.C. Sec. 542.15(a). Based on the presence of the response from the National Inmate Appeals Office, Office of General Counsel, the Court finds that Defendant Allen exhausted administrative remedies on December 7, 2017. (Dkt. 111-1, p. 3).

II. USSG Sec. 5G1.3 Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment

Defendant Allen's Plea Agreement includes the following Statement of Facts, which Defendant Allen admitted:

> On or about June 7, 2010, in Hillsborough County, in the Middle District of Florida, Cedric Reche Allen possessed approximately 30 grams of cocaine which he planned to distribute. The cocaine was found by police when Allen's automobile was searched after his arrest on unrelated charges.

(Dkt. 59, p. 17).

Defendant Allen was arrested by state authorities on June 7, 2010. Defendant Allen was sentenced on December 6, 2010 to an 18-month term of imprisonment for Hillsborough County Circuit Court Case 10CF6204; the offense conduct took place on March 24, 2010. (Dkt. 111-2, p. 3).

2

Case No. 8:10-CR-498-T-17TGW

Upon Defendant Allen's arrest, Defendant Allen remained in state custody. Defendant Allen was transferred to the Florida Department of Corrections to start service of Defendant's state sentence on March 3, 2011.

The Warrant in this case reflects that Defendant Allen was arrested on April 15, 2011. (Dkt. 13). Pursuant to a writ of habeas corpus ad prosequendum, Defendant Allen was transported to federal court, and appeared for arraignment on May 3, 2011, but all of Defendant's time in custody continued to be credited to his then-undischarged state sentence.

Defendant Allen's state sentence expired on October 27, 2011. Defendant Allen remained in custody, but federal custody became primary on October 28, 2011.

On July 2, 2012, Defendant Allen was sentenced on Count I of the Superseding Information; the offense conduct took place on June 7, 2010. At the time the federal sentence was imposed, Defendant Allen was in temporary federal custody pursuant to a writ of habeas corpus ad prosequendum. "[W]hen the federal government takes possession of a state prisoner subject to a writ of habeas corpus ad prosequendum, the state's custody is not interrupted, and thus the prisoner's federal sentence does not begin to run until he is turned over to federal authorities after having served his state sentence." See Butler v. Warden, FCC Coleman-Medium, 451 F. App'x 811, 812 (11th Cir. 2011). Defendant Allen was not a defendant subject to an undischarged term of imprisonment at the time of sentencing in this case.

Case No. 8:10-CR-498-T-17TGW

Upon Defendant Allen's arrest, Defendant Allen remained in state custody. Defendant Allen was transferred to the Florida Department of Corrections to start service of Defendant's state sentence on March 3, 2011.

The Warrant in this case reflects that Defendant Allen was arrested on April 15, 2011. (Dkt. 13). Pursuant to a writ of habeas corpus ad prosequendum, Defendant Allen was transported to federal court, and appeared for arraignment on May 3, 2011, but all of Defendant's time in custody continued to be credited to his then-undischarged state sentence.

Defendant Allen's state sentence expired on October 27, 2011. Defendant Allen remained in custody, but federal custody became primary on October 28, 2011.

On July 2, 2012, Defendant Allen was sentenced on Count I of the Superseding Information; the offense conduct took place on June 7, 2010. At the time the federal sentence was imposed, Defendant Allen was in temporary federal custody pursuant to a writ of habeas corpus ad prosequendum. "[W]hen the federal government takes possession of a state prisoner subject to a writ of habeas corpus ad prosequendum, the state's custody is not interrupted, and thus the prisoner's federal sentence does not begin to run until he is turned over to federal authorities after having served his state sentence." See Butler v. Warden, FCC Coleman-Medium, 451 F. App'x 811, 812 (11th Cir. 2011). Defendant Allen was not a defendant subject to an undischarged term of imprisonment at the time of sentencing in this case.

Case No. 8:10-CR-498-T-17TGW

The Statement of Reasons reflects that the Court imposed a sentence outside the advisory sentencing guideline system. Defendant Allen was sentenced below the advisory guideline range, pursuant to a defense motion for a sentence outside the advisory guideline system to which the Government did not object. The Statement of Reasons provides:

> **D. Explain the facts justifying a sentence outside the advisory guideline system.**
>
> The Court varied downward two levels to a level 29, and imposed a sentence of 151 months imprisonment. The defense request for a variance was based on the fact that the defendant's initial offense level would have been a 12 if not for the career offender enhancement. This enhancement increased the defendant's guideline range from 30 to 37 months to 188 to 235 months imprisonment. The Court finds that the 151 months imprisonment is sufficient, but not greater than necessary, to comply with the statutory purpose of sentencing.

The Court notes that the Government filed a Notice of Prior Convictions and notified Defendant Allen that the Government intended to seek an increased punishment by reason of Defendant's prior felony convictions. (Dkt. 7).

The PSR (Pars. 30 to 66) reflects Defendant Allen's extensive criminal history. The PSR provides:

> 67. **The total of the criminal history points is 30.** According to the sentencing table (Chapter 5, Part A), 13 or more criminal history points establishes a criminal history category of VI.

4

Case No. 8:10-CR-498-T-17TGW

> 68. According to USSG Sec. 4B1.1, a career offender's criminal history category in every case shall be Category VI.

(Dkt. 102, p. 19).

Defendant Allen's sentence was enhanced based on Defendant Allen's status as a career offender, USSG Sec. 4B1.1, not based on relevant conduct.

The Court notes that Defendant Allen was sentenced under the 2011 Sentencing Guideline manual.

Setser v. U.S., 132 S.Ct. 1463 (2012) was decided on March 28, 2012. Setser held that a district court has the discretion to order a federal sentence to run consecutively to an anticipated state sentence that has not yet been imposed, and the district court's decision to require the defendant to serve a sentence consecutive to one anticipated state sentence and concurrent with another anticipated state sentence was not rendered unreasonable when the state court decided to impose its two sentences concurrently.

In reaction to Setser, the 2014 Sentencing Guideline manual added Section 5G1.3(c):

> (c) In subsection (a) does not apply, and a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of Sec. 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment.

5

Case No. 8:10-CR-498-T-17TGW

The Court notes that the Final Judgment (Dkt. 76) is silent as to how it was to run against any other sentence. The attachments to Defendant Allen's Motion establish that Defendant Allen's state sentence had expired. At sentencing, Defendant did not request a concurrent sentence based on some future anticipated sentence.

USSG Sec. 5G1.3 does not authorize a court to make a post-judgment credit award or alter the terms of a sentence. See United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000). The Court also notes that the BOP's sentence computation gave Defendant Allen credit for time in federal custody from October 28, 2011 through July 1, 2012, since that time was not credited towards Defendant Allen's state sentence.

There have been other cases where the BOP has requested that the Court make a retroactive designation pursuant to Setser, but that is not the factual scenario involved in this case. After consideration, the Court denies Defendant Allen's Amended Motion to Correct the Judgment, Order, or Other Part of the Record on the Basis of a Clerical Error Pursuant to Fed. R. Crim P. 36. Accordingly, it is

**ORDERED** that pro se Defendant Cedric Reche Allen's Amended Motion to Correct the Judgment, Order, or Other Part of the Record on the Basis of a Clerical Error Pursuant to Fed. R. Crim. P. 36 (Dkt. 111) is **denied**.

Case No. 8:10-CR-498-T-17TGW

**DONE and ORDERED** in Chambers in Tampa, Florida on this 7th day of November, 2018.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:

All parties and counsel of record

Pro Se Defendant:

Cedric Reche Allen
#54546-018
FEDERAL CORRECTIONAL COMPLEX - MEDIUM
P. O. BOX 1032
COLEMAN, FLORIDA    33521